IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELLI L. SMITH,                                )
                                               )
                      Plaintiff,               )
                                               )
          v.                                   )      Civil Action No. 22-1585
                                               )
HOMESTEAD POLICE DEPARTMENT,                   )
                                               )
                      Defendant.               )

## MEMORANDUM OPINION

Presently before the Court is the Motion for Summary Judgment and brief in support filed by Defendant Homestead Police Department in this matter (Docket Nos. 31, 32), and Plaintiff Kelli L. Smith's responses in opposition thereto (Docket Nos. 35, 36).  In addition to these materials, the Court has considered Defendant's concise statement of material facts and appendix and Plaintiff's attachments that were filed in connection with the parties' briefs.  (Docket Nos. 33, 34, 35, 36).

For the reasons set forth herein, Defendant's Motion for Summary Judgment is granted.

## I.      FACTUAL BACKGROUND[1]

Since the parties are well-acquainted with the factual background of this case, the Court will present here an abbreviated version of the facts that are relevant to the motion presently before the Court.[2]  This case involves an alleged violation of Plaintiff's civil rights arising out of

---

[1]      The relevant facts are derived from the undisputed evidence of record and from any disputed evidence of record which is read in the light most favorable to the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

[2]      The Court notes that, in responding to Defendant's Motion for Summary Judgment, Plaintiff has failed to comply with the Local Rules of Court for the Western District of Pennsylvania.  Specifically, Plaintiff has failed to file a proper concise statement responsive to Defendant's Concise Statement of Material Facts (Docket No. 33) in accordance with Local Rule 56.C.1, which requires that the party opposing a motion for summary judgment file:

a traffic stop that resulted in the towing of her vehicle, on November 6, 2022.[3]  (Docket No. 1 at

3-4).  On that day, Randy J. Ernst ("Officer Ernst"), a police officer for Defendant Homestead

Police Department, was on patrol in a marked police car and uniform in the Waterfront Shopping

Area of Homestead, Pennsylvania.  (Docket No. 33, ¶¶ 1, 2).  At approximately 11:00 a.m.,

Officer Ernst observed, in front of his police car, a gray-colored Toyota Avalon (the "vehicle")

bearing a white license plate that read "traveler."  (*Id.* ¶¶ 2, 3).  Additionally, the vehicle's

registration read "exempt" and "right to travel."  (Docket No. 33, ¶ 4).  Officer Ernst entered the

vehicle's license plate into the PennDOT computer, and the response was "no record found" –

indicating that the license plate was not valid.  (*Id.* ¶ 5).

Officer Ernst then engaged in a traffic stop and determined that the vehicle was being

driven by Plaintiff.  (Docket No. 33, ¶ 6).  During the traffic stop, Plaintiff advised Officer Ernst

that she was "traveling" rather than driving, and therefore her car did not have to be registered

---

A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by:

a.  admitting or denying whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material;

b.  setting forth the basis for the denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety ... with appropriate reference to the record ...; and

c.  setting forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the Court to determine the motion for summary judgment.

LCvR 56.C.1.

The rule further specifies that, in any party's concise statement, "[a] party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact."  LCvR 56.B.1.  Instead, Plaintiff's submissions do not include any concise statement responsive to Defendant's Concise Statement of Material Facts, let alone citations to evidence of record to support any such responses.  Therefore, in accordance with Local Rule 56, alleged material facts set forth in Defendant's Concise Statement of Material Facts will, for the purpose of deciding its Motion for Summary Judgment, be deemed admitted.  *See* LCvR 56.E, 56.C, 56.B; Fed. R. Civ. P. 56(e).

[3]      Plaintiff alleges that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it involves a federal question.  (Docket No. 1 at 3, "Basis for Jurisdiction").

with the Commonwealth of Pennsylvania.  (*Id.* ¶ 7).  Officer Ernst also noticed that the vehicle's inspection stickers had been removed, indicating that the vehicle was not legally operable in Pennsylvania since it showed no evidence of having passed an inspection.   (*Id.* ¶ 8).  Officer Ernst ran the vehicle's VIN Number in the PennDOT computer, and he learned that the vehicle's registration was expired.  (*Id.* ¶ 9).  Officer Ernst also ran Plaintiff's driver's license in the PennDOT computer, and he learned that Plaintiff's driver's license was under suspension.  (*Id.* ¶ 10).

Officer Ernst then advised Plaintiff that he intended to tow her vehicle since it was not lawfully on the roadway and she did not have a valid driver's license.  (Docket No. 33, ¶ 11).  At that point, Plaintiff refused to leave the ignition key in the vehicle and locked the vehicle's doors, rendering Officer Ernst unable to conduct an inventory of the vehicle.  (*Id.* ¶ 12).  Thereafter, a tow company that was summoned to the scene took possession of the vehicle.  (*Id.* ¶ 13).

Although Plaintiff had outstanding traffic warrants at that time, Officer Ernst chose not to take Plaintiff into custody.  (Docket No. 33, ¶ 14).  Immediately after the incident, however, Officer Ernst did prepare an incident report (Incident Report No. 202211-01191).  (Docket Nos. 33, ¶ 15; 34-2).  Officer Ernst then issued by mail seven summary traffic citations including for altered, forged, counterfeit documents for the fraudulent license plate on the vehicle, as well as six additional violations.  (Docket No. 33, ¶ 16).  Plaintiff did not respond as required, and a warrant was issued for her arrest.  (*Id.*).

On November 9, 2022, Plaintiff filed her Complaint in this matter, alleging that her traffic stop and impoundment of her vehicle constituted a violation by Defendant of Plaintiff's civil rights under the United States Constitution, pursuant to 42 U.S.C. § 1983.  (Docket No. 1 at 3-4).  Plaintiff seeks $75,000.00 in punitive damages.  (*Id.* at 4).  Thereafter, Defendant filed its

Answer and Affirmative Defenses (Docket No. 7), and discovery ensued in the case.[4]  Defendant has filed its Motion for Summary Judgment, which has been briefed by the parties, and the motion is now ripe for decision.

## II.      <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The parties must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson*, 477 U.S. at 247-48 (emphasis in original).   A disputed fact is material if it might affect the outcome under the substantive law.  *See Boyle v. Cnty. of Allegheny, Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Anderson*, 477 U.S. at 247-48).   Summary judgment is unwarranted where there is a genuine dispute about a material fact, that is, one where a reasonable jury, based on the evidence presented, could return a verdict for the non-moving party with regard to that issue. *See Anderson*, 477 U.S. at 248.

When deciding a motion for summary judgment, the Court must draw all inferences in a light most favorable to the non-moving party without weighing the evidence or questioning the

---

[4]      Defendant indicates in its brief that it abided by the terms of the Court's Case Management Order in this matter (Docket No. 16) and served Plaintiff with its initial disclosures on March 8, 2023, including a list of witnesses and a copy of the relevant incident report.  (Docket No. 32 at 8). Defendant states that Plaintiff, however, did *not* produce her initial disclosures in accordance with the Court's Case Management Order.  (*Id.*).

witnesses' credibility. *See Boyle*, 139 F.3d at 393. The movant has the burden of demonstrating the absence of a genuine issue of material fact, while the non-movant must establish the existence of each element for which it bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant has pointed to sufficient evidence of record to demonstrate that no genuine issues of fact remain, the burden is on the non-movant to search the record and detail the material controverting the movant's position. *See Schulz v. Celotex Corp.*, 942 F.2d 204, 210 (3d Cir. 1991). Rule 56 requires the non-moving party to go beyond the pleadings and show, through the evidence of record, that there is a genuine issue for trial. *See Celotex v. Catrett*, 477 U.S. at 324.

Courts must liberally construe the submissions of *pro se* litigants. See *Hena v. Vandegrift*, 612 F. Supp. 3d 457, 472 (W.D. Pa. 2020) (citing cases including *Haines v. Kerner*, 404 U.S. 519 (1972)). While such submissions are read to "raise the strongest arguments suggested therein," a court's "forgiving interpretation does not render immune from dismissal or summary judgment claims that lack procedural or factual viability." *Id.* (internal quotation marks and citations omitted). Thus, the same summary judgment standard that applies to litigants who are represented by counsel also applies to *pro se* litigants, and "[b]ald assertions unsubstantiated by record evidence will not defeat a well-supported motion for summary judgment." *Id.* (internal quotation marks and citations omitted).

## III.   DISCUSSION

As explained, *supra*, Plaintiff's Complaint alleges that Defendant violated Plaintiff's civil rights under the United States Constitution, pursuant to 42 U.S.C. § 1983.[5] (Docket No. 1 at 3-

---

[5]       Section 1983 is the "vehicle for imposing liability against anyone who, under color of state law, deprives a person of 'rights, privileges, or immunities secured by the Constitution and laws.'" *Grammer v. John J. Kane Reg'l Ctrs.-Glen Hazel*, 570 F.3d 520, 525 (3d Cir. 2009) (quoting *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980), and 42 U.S.C. § 1983). Thus, Section 1983 does not create substantive rights by its own terms, but it instead provides

4).  Specifically, in her Statement of Claim, Plaintiff explains that "On 11/6/22, at approximately 11 AM I was pulled over by Officer Ernst #74 because of my private plate while traveling in my private capacity, as a result my Toyota Avalon 2008 was towed and impounded," and that "As a result of this incident my civil rights were totally violated."[6] (*Id.* at 4).  As to the Relief sought, Plaintiff states, "I [am] claiming $75,000 in punitive damages which I strongly feel I'm entitled to considering my rights being violated and my private property was unlawfully taken away from, totally inconveniencing my livelihood."  (*Id.*).  In its motion, Defendant asserts that Plaintiff's unsubstantiated claims of civil rights violations cannot survive summary judgment. (Docket No. 32 at 1).

The allegations of Plaintiff's Complaint are minimal at best, but upon review of Defendant's Concise Statement of Material Facts (undisputed by Plaintiff) and Plaintiff's responses to Defendant's Motion for Summary Judgment, it is clear to the Court that Plaintiff's Section 1983 claim is based on her contention that she is, in essence, what is commonly referred to as a "sovereign citizen," who is not subject to state licensing and vehicle registration

---

remedies for violations of rights that are established elsewhere in the Constitution or in federal law.  *See Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1996).  In order to establish a claim under Section 1983, two criteria must be met:  1) the conduct complained of must have been committed by a person acting under color of state law; and 2) the conduct must deprive the plaintiff of rights secured under the Constitution or federal law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998).  Here, it is this second prong that is at issue.

[6]      In response to Defendants' motion, Plaintiff asserts that it was an error on her part to state that her Civil Rights were totally violated, and that, rather, her "inalienable rights were totally violated."  (Docket Nos. 35 at 1; 36 at 1).  Further, Plaintiff states in her responses that "PLAINTIFF CLAIMS FOR, NOT CIVIL RIGHTS BUT INALIENABLE RIGHTS VIOLATIONS ARE BASED EXCLUSIVELY ON THE FACT THAT I AM AN AMERICAN NATIONAL WHO IS SOVEREIGN."  (*Id.* (all capitals in originals)).

A plaintiff may not, however, amend her complaint through argument in a brief opposing summary judgment.  *See Nykiel v. Borough of Sharpsburg*, 778 F. Supp. 2d 573, 587 (W.D. Pa. 2011).  Moreover, after Defendant filed its Answer to the Complaint, and after the period for amending the Complaint as a matter of course (in accordance with Federal Rule of Civil Procedure 15) had passed, Plaintiff filed a motion that the Court construed as a motion to amend her Complaint to include such language (Docket No. 14).  Upon consideration, the Court denied Plaintiff's motion because it seemingly sought to re-state her original Complaint and was thus found to be purely redundant (Docket No. 20 at 2).  Accordingly, to the extent Plaintiff might still wish to amend her Complaint in this manner, the Court notes that amendment would be futile since, even with the proposed change in language, Plaintiff has not shown through evidence of record here that there is a genuine issue for trial.

requirements.  With that basis in mind, and viewing the undisputed material facts in a light most favorable to Plaintiff, what is at issue in this case is whether Officer Ernst violated Plaintiff's civil rights by:  (1) effecting a traffic stop because the vehicle driven by Plaintiff appeared to display a fraudulent license plate, and investigating the license plate, Plaintiff's suspended license, and Plaintiff's driving of the vehicle without a current inspection; and (2) towing and impounding Plaintiff's vehicle.  Although Plaintiff does not specify which of her civil rights were allegedly violated by Officer Ernst's actions, again giving Plaintiff the benefit of the doubt as the Court is required to do for the non-movant on a motion for summary judgment, and considering the allegations in Plaintiff's Complaint as broadly as possible, the Court infers therefrom that Plaintiff is alleging a violation of her due process rights based on the alleged deprivation of her property (her vehicle) without due process of law, and/or a violation of her constitutional right to travel based on her vehicle being towed and impounded.

In  *Augmon v. Commonwealth of Pennsylvania*, Civ. Action No. 22-1466, 2022 WL 16966723 (W.D. Pa. Oct. 25, 2022), a Magistrate Judge of this Court, Judge Patricia L. Dodge, recently issued a Report and Recommendation ("R&R") recommending the dismissal of very similar claims.  Judge Dodge's R&R was then adopted as the Opinion of the Court by District Judge Christy Criswell Weigand, the claims in that case were found to be frivolous, and the Complaint was dismissed with prejudice under  28 U.S.C. § 1915(e)(2).  *See Augmon v. Commonwealth of Pennsylvania*, No. 2:22-CV-01466-CCW-PLD, 2022 WL 16963926 (W.D. Pa. Nov. 16, 2022).  *Augmon* involved a plaintiff (Augmon) who contended that his car was towed because, when a police officer requested his registration, Augmon advised the officer that, instead of a registration, he possessed a "UCC-1 finance statement" which the officer did not

accept.[7]  *See* 2022 WL 16966723, at *2.  Upon consideration of the allegations, Judge Dodge remarked that such alleged facts "are the hallmarks of a 'sovereign' citizen' argument."[8]  *See id.* Judge Dodge aptly explained that "[a]dherents of this theory contend that they are not subject to various state or federal laws because they are not United States citizens," noting that such individuals "frequently use Uniform Commercial Code ('UCC') filings to support their claims, which have been repeatedly rejected as frivolous."  *Id.* (citing examples of "sovereign citizen" arguments in *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011), and *Yun v. New Jersey*, Civ. No. 18-cv-1804, 2019 WL 3416773, at *6 (D.N.J. July 29, 2019)).

In *Augmon*, Judge Dodge explained that "[t]he Supreme Court ruled long ago that states may regulate the operation 'of all motor vehicles' that drive within their borders," and that states "'may require the registration of such vehicles and the licensing of their drivers' pursuant to their constitutionally protected police power."  *Id.* (quoting *Perkins v. Ivey*, 772 F. App'x 245, 246 (5th Cir. 2019)).  Notably, the Commonwealth of Pennsylvania imposes such registration requirements.  *See* 75 Pa. C.S. § 1301(a) ("No person shall drive or move and no owner or motor carrier shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this Commonwealth unless the vehicle is exempt from registration."); § 1303(a) (permitting nonresident owners of foreign vehicles to operate those vehicles within Pennsylvania without registering the vehicle in the Commonwealth "provided the vehicle at all times when operated in this Commonwealth is duly registered and in full compliance with the registration requirements of the place of residence of the owner"); § 1311(b) ("Every registration card shall,

---

[7]      Similarly, in this case, Plaintiff argues that her license plate is not fraudulent, but is, instead, "a private plate that is filed on an UCC-1 and registered into the Chambers of Commerce."  (Docket Nos. 35 at 4; 36 at 4).

[8]      In response to Defendant's motion, Plaintiff contends that she is not arguing that she is a "sovereign citizen," but, rather, that she is an "AMERICAN NATIONAL WHO IS SOVEREIGN," a "Sovereign American National," or a "Non-Citizen American National of the United States Corporation" – all of which appear to connote, by other names (and in light of the arguments Plaintiff presents), what courts commonly refer to as a "sovereign citizen."  (Docket Nos. 35 at 1-5; 36 at 1-5).

at all times while the vehicle is being operated upon a highway, be in the possession of the person driving or in control of the vehicle or carried in the vehicle and shall be exhibited upon demand of any police officer."). Accordingly, as Judge Dodge concluded, "a vehicle operated in Pennsylvania must have either a valid Pennsylvania registration or a valid registration from another state which must be presented upon demand of a police officer." *Augmon*, 2022 WL 16966723, at *2.

Nevertheless, the plaintiff in *Augmon* contended that these laws did not apply to him, just as Plaintiff here argues that such laws do not apply to her. *See id.* at *3. In *Augmon*, Judge Dodge noted a string of other cases in which courts have found claims to be frivolous where plaintiffs assert constitutional claims (including under the Fourteenth Amendment) based on a misguided belief that motor vehicle registration and licensing laws do not apply to them as sovereign citizens. *See id.* (citing *King v. Allison*, No. 4:21CV3053, 2021 WL 2778558, at *2 (D. Neb. July 2, 2021); *Reed v. Jones*, No. 4:21CV3051, 2021 WL 2913023, at *3 (D. Neb. July 12, 2021); *Van Horne v. Valencia*, Civ. Action No. 1:21-CV-00173-BU, 2022 WL 3574299, at *5-6 (N.D. Tex. Feb. 16, 2022) ("Like other courts addressing claims from 'sovereign citizens,' the undersigned need not address the elements of each claim because the foundation is based solely on the argument rejected by the courts." (internal quotation marks and citation omitted)), *report and recommendation adopted*, 2022 WL 2800878 (N.D. Tex. July 18, 2022); *Hansen v. Nebraska*, No. 8:20CV203, 2020 WL 3100101, at *2 (D. Neb. June 11, 2020)). Judge Dodge concluded that Augmon's allegation similarly lacked an arguable basis either in fact or in law. *See id.*

With regard to Augmon's alleged violation of his constitutional right to travel, Judge Dodge noted that courts have found that "the existence of 'a constitutional right to travel . . .

does not restrict the State from regulating the use of its roads as a matter of its police powers.'"
*Id.* (quoting *Knox v. Pcobasco*, Civ. A. No. 86-2367, 1986 WL 6310, at *1 (E.D. Pa. June 4,
1986) (which, in turn, cites to *United States v. Guest*, 383 U.S. 745, 759 n. 17 (1966)); also citing
to *Bibb v. Navajo Freight Lines, Inc.*, 359 U.S. 520, 523 (1959); *Carroll v. City of Phila.*, CIV.
A. Nos. 87-0592, 1989 WL 114721, at *4 (E.D. Pa. Sept. 29, 1989), *aff'd*, 908 F.2d 961 (3d Cir.
1990); *Gloria Sun Jung Yun v. New Jersey*, Civ. Action No. 18-17283, 2019 WL 1002944, at *2
(D.N.J. Feb. 28, 2019)).   Accordingly, Judge Dodge found that the fact that Augmon's vehicle
was stopped and towed because he did not have a proper registration did not show that his
constitutional right to travel was impeded.  *See id.*

Judge Dodge concluded that Augmon had alleged non-existent claims by alleging "that
Plaintiff was deprived of his property without due process of law or his right to travel when his
vehicle was towed because he presented a 'UCC-1 finance statement' in place of the required
vehicle registration."  *Id.*  Judge Dodge also rejected as frivolous Augmon's "contention that he
'is not a United States citizen' and that vehicle registration requirements do not apply to him."
*Id.*   Given such facts, Judge Dodge recommended the dismissal of Augmon's claims and
concluded that it would be futile to allow amendment of the complaint.  *See id.*

Upon consideration, the Court agrees with Judge Dodge's reasoning in *Augmon* and the
Court finds that a similar analysis is appropriate in the present case as well.   As thoroughly
explained, *supra*, Plaintiff's arguments are typical of those made by so-called "sovereign
citizens," which courts have repeatedly rejected as frivolous.  Additionally, the record presented
to the Court here is clear and uncontested.  The undisputed material facts indicate that the traffic
stop of Plaintiff initiated by Officer Ernst was justified because Officer Ernst noted that the
license plate on the vehicle that Plaintiff was driving did not appear to be an official government-

issued license plate.  Upon running the license plate in the PennDOT computer, Officer Ernst learned that there was no record of that license plate, which confirmed his suspicion that the license plate was fraudulent.  Upon running the vehicle's VIN Number, Officer Ernst learned that the registration was expired.  Additionally, Officer Ernst determined that the vehicle was not legally operable on the roadway in Pennsylvania because it did not bear a sticker showing that it had been inspected.  Also, during the traffic stop, Officer Ernst learned that Plaintiff was driving with a suspended driver's license and had outstanding traffic warrants.  Thus, the undisputed material facts show that Officer Ernst was justified in towing the vehicle.

For her part, Plaintiff has, quite simply, failed to show through evidence of record that there is a genuine issue for trial here, *i.e.,* the existence of a genuine dispute about a material fact related to the claim that her rights were violated in the course of this traffic stop, where a reasonable jury, based on the evidence presented, could return a verdict for her.  As in *Augmon*, to the extent Plaintiff is basing a Fourteenth Amendment due process claim on "a misguided belief . . . that motor vehicle registration and licensing laws do not apply to [her] as a 'sovereign citizen,'" such claim lacks an arguable basis on the facts presented here and on the law.  2022 WL 16966723, at *3.  Likewise, to the extent Plaintiff is basing an alleged violation of her constitutional right to travel on the fact that her vehicle was stopped and towed because it was not properly registered and she was not properly licensed, such claim also lacks an arguable basis on the facts presented here and on the law.  *See id.*  Therefore, upon review of the evidence proffered by the parties, and drawing all inferences in a light most favorable to Plaintiff as is required when considering a defendant's motion for summary judgment, the Court concludes that there is no genuine dispute as to any material fact where a reasonable jury could return a verdict in Plaintiff's favor, and Defendant is entitled to judgment as a matter of law.

IV.     **CONCLUSION**

Based on the foregoing, Defendant's Motion for Summary Judgment is granted. Accordingly, summary judgment is granted in favor of Defendant as to all claims in Plaintiff's Complaint.

An Order consistent with this Memorandum Opinion follows.


Dated: March 25, 2024                              _s/ W. Scott Hardy_
                                                  W. Scott Hardy
                                                  United States District Judge

cc/ecf: Kelli L. Smith (via U.S. Mail)
        All counsel of record